**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KURT NEHRER, EUGENE D. CARLINO,**
**LINDA V. PAOLINO, et al.,**

      **Plaintiffs,**

-vs-                                        Case No. 6:11-cv-50-Orl-31DAB

**BANK OF AMERICA, N.A.; BANK OF**
**AMERICA SETTLEMENT SERVICES**
**LLC; HOMEFOCUS SERVICES, LLC; et**
**al.,**

      **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 11) filed by Defendant SunTrust Mortgage, Inc. ("SunTrust") and the Motion to Dismiss (Doc. 13) filed by Defendants Bank of America, N.A. ("BOA") and HomeFocus Services, LLC ("HomeFocus"), as well as the Motion for Hearing (Doc. 14) filed by BOA and HomeFocus. Although the deadline for a response to these motions to dismiss expired on April 28 and May 5, respectively, the Plaintiffs have not replied or sought an extension.

According to the allegations of the Complaint (Doc. 1), the Plaintiffs are a group of 17 individuals from Florida, California, Rhode Island and Illinois who purchased lots in a residential development in Georgia known as "Briar Rose." The Defendants are the developers of Briar Rose and affiliated companies, as well as banks and mortgage companies that provided financing for the Plaintiffs' purchases. According to the 50-page complaint, the Defendants all participated in a

conspiracy to wrongfully inflate the purchase price of Briar Rose lots. The Plaintiffs assert claims for violations of the Interstate Land Sales Full Disclosure Act, the Florida Civil Remedies for Criminal Practices Act, the Racketeer Influenced Corrupt Organizations Act, the Florida Unfair and Deceptive Trade Practices Act, and the Georgia Unfair and Deceptive Trade Practices Act, as well as fraudulent inducement, fraudulent misrepresentation, negligent misrepresentation, and breach of contract. Each of the claims begins with a sentence incorporating every single sentence that preceded it. The Complaint is a quintessential shotgun pleading.

Generally speaking, shotgun pleadings "are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). Shotgun complaints

> invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief. The general allegations are incorporated by reference into each count of the complaint; the complaint is followed by an answer that responds to each and every statement. If the trial judge does not quickly demand repleader, all is lost – extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits.

*Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998).

> [I]t is much easier in the short term to permit shotgun pleadings – in the hope that the parties will settle their dispute – instead of intervening *sua sponte* to narrow the issues. In the long term, however, the judicial work that results from shotgun pleading is far more time consuming than the work required up front to prevent the case from proceeding beyond the pleadings until the issues are reasonably well defined. As we have previously stated, and state once again, district courts have the power and the duty to define the issues at the earliest stages of litigation.

*Id.*

Under the Federal Rules of Civil Procedure, a defendant faced with a shotgun complaint is not expected to frame a responsive pleading. Rather, the defendant is expected to move, pursuant to Rule 12(e),[1] to require the plaintiff to file a more definite statement. *Anderson v. Board of Trustees of Cent. Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996).

> Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard. Wasting scarce judicial and parajudicial resources impedes the due administration of justice and, in a very real sense, amounts to obstruction of justice.

*Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001) (internal quotation omitted).

In addition to complaining about this shotgun pleading, the movants make a number of other arguments. They assert that, in some instances, the complaint fails to state a claim; that the Plaintiffs have failed to state their fraud claims with particularity; that as to some claims the statute of limitations has run; and that, at least in regard to the lenders, a scheme to hoodwink buyers into borrowing hundreds of thousands of dollars on tens of thousands of dollars' worth of collateral is scarcely plausible. These arguments appear to be well taken. However, the Court will not attempt to parse them based on this pleading. Once the complaint has been cured of its shotgun pleading defects, the Defendants may raise these points again, to whatever extent they may still apply.

Accordingly, it is hereby

---

[1] Rule 12(e) states: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."

**ORDERED** that the Motion to Dismiss (Doc. 11) filed by Defendant SunTrust Mortgage, Inc. is **GRANTED IN PART** and the Motion to Dismiss (Doc. 13) filed by Defendants Bank of America, N.A. and HomeFocus Services, LLC, is **DENIED AS MOOT**. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading. Should they wish to do so, the Plaintiffs may file an amended complaint on or before May 26, 2011 that eliminates the shotgun pleading deficiencies identified in the instant motion, including the incorporation of every paragraph into every succeeding claim, and the failure to specify which actions were taken by which defendant, among others. And it is further

**ORDERED** that the Motion for Hearing (Doc. 14) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 16, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party