**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KURT NEHRER, EUGENE D. CARLINO,**
**LINDA V. PAOLINO, et al.,**

                **Plaintiffs,**

**-vs-**                                  **Case No.  6:11-cv-50-Orl-31DAB**

**BANK OF AMERICA, N.A.; BANK OF**
**AMERICA SETTLEMENT SERVICES;**
**LANDSAFE SERVICES, LLC, f/k/a**
**HOMEFOCUS SERVICES, LLC; GINN**
**DEVELOPMENT COMPANY, LLC;**
**SUNTRUST MORTGAGE, LLC; and**
**LUBERT-ADLER PARTNERS, L.P.,**

                **Defendants.**

_____

## ORDER

This matter comes before Court without a hearing on two motions to dismiss: one (Doc.

25) filed by Defendant SunTrust Mortgage, Inc. ("SunTrust") and the other (Doc. 26) filed by

Defendants Bank of America, N.A. ("Bank of America") and LandSafe Services, LLC f/k/a

HomeFocus Services, LLC ("HomeFocus").  The Court has also considered the responses (Doc.

39, 40) filed by the Plaintiffs.

**I.      Background**

According to the allegations of the Amended Complaint (Doc. 18), the Plaintiffs are a

group of eighteen individuals, most from outside of Florida, who bought property in a Georgia real

estate development known as "Briar Rose."  Briar Rose was developed by a predecessor in interest

to Defendant Ginn Development Company, LLC ("Ginn") and Defendant Lubert-Adler Partners,

L.P. ("Lubert-Adler").  Defendants Bank of American and SunTrust are alleged to have been

"Preferred Lenders" of "the Ginn Development."[1]  Defendants Bank of America Settlement

Services and HomeFocus are alleged to have provided mortgage, settlement, and appraisal services

as subsidiaries, respectively, of BOA and SunTrust.

In their First Amended Complaint (Doc. 18), the Plaintiffs accuse the Defendants of real

estate and mortgage fraud, asserting that they engaged in a "scheme ... to market, sell and finance

real estate in a certain residential real estate development known as Briar Rose through

misrepresentations, fraud, and violations of federal and state law."  (Doc. 18 at 1-2).  Generally

speaking, they allege that the prices for the real estate "were fraudulently inflated through

misrepresentations, manipulations, fraud, deceptions, omissions and unconscionable conduct".

(Doc. 18 at 2).

## II.     Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim

showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the

claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2

L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,

127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A Rule 12(b)(6) motion to dismiss for failure to state a

claim merely tests the sufficiency of the complaint; it does not decide the merits of the case.

*Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984).  In ruling on a motion to dismiss, the

Court must accept the factual allegations as true and construe the complaint in the light most

---

[1]The Plaintiffs do not explain what "the Ginn Development" refers to, but the Court assumes the term refers to Briar Rose.

favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court

must also limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV.

P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the

speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the

required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007). Conclusory

allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not

prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint

need not contain detailed factual allegations, "but it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor

does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"

Id. at 1949 (internal citations omitted). Where the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

shown – that the plaintiff is entitled to relief. *Id.* at 1950.

**III.    Analysis**

The 49-page Amended Complaint is long on vague assertions and short on factual

allegations and plausibility. It has a number of shortcomings that require dismissal of one or more

counts, some (but not all) of which are discussed below.

###### A.     ILSDA

In Count I, the Plaintiffs assert claims under the Interstate Land Sales Full Disclosure Act

("ILSDA"), 15 U.S.C. § 1701 *et. seq,* against, among others, Bank of America and SunTrust.

However, the ILSDA only applies to "developers," and the Plaintiffs have not alleged facts from

which one could conclude that either of these lenders were "developers" under the ILSDA in

regard to Briar Rose.  Accordingly, Count I will be dismissed with prejudice as to Bank of

America and SunTrust.

###### B.     Fraud and negligent misrepresentation claims

Most of the claims asserted in the Amended Complaint sound in fraud: Count II (fraudulent

inducement); Count III (FDUTPA, GDUTPA); Count IV (fraudulent misrepresentation); Counts

VII and VIII (RICO); and Counts IX and X (Florida's Civil Remedies for Criminal Practices Act).

The Plaintiffs also assert a claim for negligent misrepresentation (Count V).  Federal Rule of Civil

Procedure 9(b) requires that, in alleging fraud or mistake, a party must state with particularity the

circumstances constituting fraud or mistake.  Rule 9(b) is satisfied if the complaint sets forth

> (1) precisely what statements were made in what documents or oral representations
> or what omissions were made, and (2) the time and place of each such statement
> and the person responsible for making (or, in the case of omissions, not making)
> same, and (3) the content of such statements and the manner in which they misled
> the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1310 (11th 2002).

Under Florida law, negligent misrepresentation claims must be pled with the same specificity as

fraud claims.  *Morgan v. W.R. Grace & Co.*, 779 So.2d 503, 506 (Fla. 2d DCA 2000).

After reviewing the Amended Complaint, the Court finds that none of the counts sounding

in fraud or the negligent misrepresentation claim are pled with sufficient particularity as to satisfy

Rule 9(b).  The Plaintiffs argue that the Amended Complaint contains allegations that the scheme involved false appraisals and that some employees of some of the Defendants failed to disclose material facts to lot owners. But the Amended Complaint does not contain any specifics as to these purported "statements," such as what was actually said (or left undisclosed), who said them, who heard them, and so on.  With one exception, these fraud-based claims will be dismissed without prejudice as to Bank of America, SunTrust, and HomeFocus.

The exception involves Count III, which purports to assert claims under the Florida and Georgia versions of the Deceptive and Unfair Trade Practices Act.  FDUTPA does not apply to banks or to appraisal services.  GDUTPA does not provide for monetary relief, which is all these Plaintiffs seek in this case.  Count III will therefore be dismissed with prejudice as to Bank of America, SunTrust, and HomeFocus.

### C.      Breach of Contract

In Count VI, the Plaintiffs attempt to set forth breach of contract claims against each Defendant.  However, the Plaintiffs improperly lump everything together, stating simply that "Plaintiffs and the Defendants entered into the previously described Lot Purchase Agreements, mortgages and notes" and that the Defendants "breached the agreements by failing to provide all the previously described amenities and accurate appraisals, and by violating the implied duty of good faith."  (Doc. 18 at 31).  The Plaintiffs fail to specify which Plaintiffs entered into which contracts with which Defendants, and what provisions of those contracts were violated by which actions taken by which Defendants.  Count VI will be dismissed without prejudice as to Bank of America, SunTrust, and HomeFocus.

### D.     Breach of Fiduciary Duty

In Counts XII and XIII, the Plaintiffs attempt to set forth claims for breaches of fiduciary

duty against, among others, Bank of America, SunTrust, and HomeFocus.  However, the Plaintiffs

have not alleged facts from which one could conclude that these entities owed a fiduciary duty to

any of the Plaintiffs.  As to each of these defendants, the Plaintiffs assert that they were a fiduciary

duty because the defendant "performed additional services for the Plaintiffs by referring them to its

appraisers, received a greater economic benefit through its referral and kickback program with

CCEC BRIAR ROSE, and exercised considerably more control over the transaction than would be

typical of a mortgage lender."  Taken as true, such allegations would not give rise to a fiduciary

duty.  Accordingly, Counts XII and XIII will be dismissed without prejudice as to Bank of

America, SunTrust, and HomeFocus.

### E.     Civil Conspiracy

In Count XI, the Plaintiffs allege that all of the Defendants entered into an illegal

agreement to violate criminal laws, civil laws, and public policy.  The failure of all of the

Plaintiffs' underlying fraud and misrepresentation claims is fatal to Plaintiffs' conspiracy claim.

Count XI will be dismissed without prejudice as to Bank of America, SunTrust, and HomeFocus.

## IV.     Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motions to Dismiss (Doc. 25, 26) are **GRANTED IN PART AND**

**DENIED IN PART**.  Count I is **DISMISSED WITH PREJUDICE** as to Defendants Bank of

America and SunTrust.  Count III is **DISMISSED WITH PREJUDICE** as to Defendants Bank of

America, SunTrust, and HomeFocus.  Count II and Counts IV through XIII are **DISMISSED**

**WITHOUT PREJUDICE** as to Defendants Bank of America, SunTrust, and HomeFocus.

      **DONE** and **ORDERED** in Chambers, Orlando, Florida on August 26, 2011.

Copies furnished to:

Counsel of Record
Unrepresented Party